**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MONAE BLACK, MICHELLE GLASS and DALANDRA EVANS<br><br>        Plaintiffs,<br>  v.<br><br>DELAWARE NORTH COMPANIES TRAVEL HOSPITALITY SERVICES, INC., and DELAWARE NORTH COMPANIES, INC.<br><br>        Defendants. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Monae Black, Michelle Glass and Dalandra Evans ("Plaintiffs"), by and through undersigned counsel, bring this action against Delaware North Companies Travel Hospitality Services, Inc., and Delaware North Companies, Inc. ("Defendants"), and state and allege as follows:

### NATURE OF THE ACTION

1. This is an action for unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA").

### JURISDICTION AND VENUE

2. The Court exercises jurisdiction over Plaintiffs' claims pursuant to 28

1

U.S.C. § 1331 because the claims raise questions of federal law.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and L.R. 3.1(B), N.D. Ga., because a substantial part of the events or omissions giving rise to Plaintiffs' claims as described in this complaint occurred within the Atlanta Division of the Northern District of Georgia.

4. Defendant Delaware North Companies Travel Hospitality Services, Inc., is subject to personal jurisdiction of this Court because it is licensed to do business in Georgia, has a registered agent in Georgia, and conducts substantial business in Georgia.

5. Defendant Delaware North Companies, Inc., is subject to personal jurisdiction of this Court because it conducts substantial business in Georgia.

## PARTIES

6. Plaintiff Monae Black is a resident of the State of Georgia.

7. Plaintiff Michelle Glass is a resident of the State of Georgia.

8. Plaintiff Dalandra Evans is a resident of the State of Georgia.

9. Defendant Delaware North Companies Travel Hospitality Services, Inc., is a Delaware corporation with its principle office located at 40 Fountain Plaza, 12th Floor, Buffalo, New York 14202, according to the Georgia Secretary of State.

10. Defendant Delaware North Companies Travel Hospitality Services, Inc., may be served with process through its registered agent, CT Corporation System, 1201 Peachtree Street NE, Atlanta, Georgia 30361.

11. Defendant Delaware North Companies. Inc., is a Delaware corporation with its headquarters located at 250 Delaware Ave, Buffalo, NY 14202.

12. At all times relevant to Plaintiffs' claims, Defendants employed Plaintiffs.

13. Plaintiffs engaged in interstate commerce, or the production of goods for interstate commerce, while working for Defendants.

14. Defendants' employees engage in commerce or the production of goods for commerce.

15. Within the three years preceding the filing of this Complaint, Defendants have had, and continue to have, at least $500,000 in gross annual revenue.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIM FOR UNPAID OVERTIME

16. Defendants operate several local and national food and beverage outlets at the Hartsfield-Jackson Atlanta International Airport.

17. For example, Defendants operate an Einstein Bros. Bagel store at the Hartsfield-Jackson Atlanta International Airport.

18. Defendants operate a Garbanzo Mediterranean Grill ("Garbanzo Grill") at the Hartsfield-Jackson Atlanta International Airport.

19. Defendants operate a Coffee Bean and Tea Leaf store at the Hartsfield-Jackson Atlanta International Airport.

20. Defendants operate a Grindhouse Killer Burgers at the Hartsfield-Jackson Atlanta International Airport.

21. Defendants operate a Yoforia ice cream and frozen yogurt store at the Hartsfield-Jackson Atlanta International Airport.

22. Plaintiff Monae Black worked as an Assistant Manager at the Einstein Bros. Bagel store and the Garbanzo Grill operated by Defendants at the Hartsfield-Jackson Atlanta International Airport.

23. Plaintiff Michelle Glass worked as an Assistant Manager at the Grindhouse Killer Burgers and the Coffee Bean and Tea Leaf store operated by Defendants at the Hartsfield-Jackson Atlanta International Airport.

24. Plaintiff Dalandra Evans worked as an Assistant Manager at the Grindhouse Killer Burgers and Yoforia ice cream and frozen yogurt store operated by Defendants at the Hartsfield-Jackson Atlanta International Airport.

25. Defendants improperly classified Plaintiffs as exempt from the overtime requirement of the FLSA.

26. As Assistant Managers, Plaintiffs' primary job duties consisted of working on food preparation lines and running cash registers with the hourly employees.

27. For example, as an Assistant Manager at Einstein Bros. Bagel store, Plaintiff Monae Black's primary job duties consisted of making sandwiches, making coffee drinks, stocking the cooler, and running the cash register.

28. As an Assistant Manager at the Coffee Bean and Tea Leaf, Plaintiff Michelle Glass' primary job duties consisted of making coffee, running the cash register, and getting change to stock the cash register.

29. As an Assistant manager at the Yoforia yogurt store, Plaintiff Dalandra Evans' primary job duties consisted of running the cash register, cleaning the frozen yogurt machines, and bringing inventory up from the stock room.

30. As an Assistant Manager at the Grindhouse Killer Burgers operated by Defendants, Plaintiff Dalandra Evans' primary job duties consisted of running the cash register, making hamburgers on the kitchen's grill, and serving customers hamburgers and other food items from the kitchen.

31. Plaintiffs' supervisors interviewed job candidates, and hired, fired, promoted, and demoted Defendants' employees.

32. Plaintiffs were required to get approval from their Division Manager ("DM") and/or Human Resources before issuing employee discipline.

33. Defendants required Plaintiffs to send their DM a daily report summarizing the operations of Defendants' establishments.

34. For example, Defendants required Plaintiffs to notify their DM if they gave a customer a refund and the reason for such refund.

35. By way of further example, Defendants required Plaintiffs to notify their DM if an hourly employee worked more than 40 hours in a workweek.

36. As Assistant Managers, Plaintiffs regularly worked more than 40 hours per workweek.

37. Defendants failed to compensate Plaintiffs at 1.5 times their regular hourly rate for all hours worked over 40 in a workweek.

38. Defendants failed to track all the hours worked each workweek by Plaintiffs.

39. For example, Defendants scheduled Plaintiffs to work a certain number of hours each week, but failed to track the hours actually worked by Plaintiffs.

40. Thus, Defendants failed to maintain records of Plaintiffs' hours worked in violation of the FLSA's recordkeeping requirement.

## COUNT I: UNPAID OVERTIME WAGES

41. Defendants paid Plaintiffs a fixed amount for the first 40 hours worked each week.

42. Plaintiffs regularly worked in excess of 40 hours per workweek.

43. Defendants failed to compensate Plaintiffs for hours worked in excess of 40 per week at a rate of not less than one and one-half times their regular rate.

44. Defendants knew or should have known that Plaintiffs worked in excess of 40 hours per week during certain weeks.

45. Defendants chose not to compensate Plaintiffs at the required overtime premium rate despite Defendants' knowledge that failure to pay an overtime premium rate was a violation of the FLSA given Plaintiffs' job duties.

46. Defendants' decisions with respect to Plaintiffs' compensation show a reckless disregard for Plaintiffs' rights under the FLSA.

47. Moreover, Defendants lacked reasonable grounds for believing its pay practices with respect to Plaintiffs comported with the requirements of the FLSA.

48. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

49. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiffs for all unpaid overtime wages, liquidated damages, and attorney's fees and costs.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests that the Court:

(a) Declare that Defendants' actions, policies, and practices complained of herein violate the rights of Plaintiffs as secured by federal law;

(b) Award all unpaid wages;

(c) Award liquidated damages in an amount equal to Plaintiffs' unpaid wages;

(d) Award reasonable attorneys' fees, costs, and expenses; and

(e) All other relief to which Plaintiffs may be entitled.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demands a trial by jury.

Respectfully submitted: 4/29/2016

*s/Dustin L. Crawford*

MAYS & KERR LLC
235 Peachtree Street NE
North Tower | Suite 202
Atlanta, Georgia 30303
Telephone:  (404) 410-7998
Facsimile:  (404) 855-4066
john@maysandkerr.com
dustin@maysandkerr.com

Dustin L. Crawford
Georgia Bar No. 758916
John L. Mays
Georgia Bar No. 986574

Counsel for Plaintiff